EDMUND TARLUCKI v. WEST JERSEY AND SEASHORE
RAILROAD COMPANY.

Submitted July 6, 1911—Decided November 13, 1911.

1. On demurrer to a declaration alleging that an "ancient by-way" where it crossed a railway operated by a third rail, charged with an electric current, was "unguarded and unprotected," in a suit against the railway by a pedestrian upon the ancient by-way, for injuries received from coming in contact with the current—*Held*, that "by-way" must be taken to be the equivalent of "by-road."

2. A by-way thus defined, being a public way of which the public are entitled to make use as of right, a railroad company where its tracks cross it is under a duty not to subject the traveling public to latent dangers at such crossing.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the demurrant, *Bourgeois & Coulomb.*

For the plaintiff, *Wescott & Wescott.*

The opinion of the court was delivered by

VOORHEES, J.   The declaration alleges that the defendant maintained its railroad operated by a third rail, charged with an electric current, and that an "ancient by-way" crossed the right of way which was fenced, and the rail guarded, except at the "by-way crossing." Here the fences were open, and the third rail was "unguarded and unprotected."

There is an allegation that the plaintiff walked along the ancient by-way upon and over said roadbed, and coming in contact with this rail, he was injured by the current. A by-road is recognized by the Road act. *Gen. Stat., p.* 2827, § 113, and also by *Gen. Stat., p.* 2836, § 154. If obstructed, it may be opened by the freeholders, and its course and location altered and changed. It has no statutory origin. It is an obscure road, but is so far a public road that the public have of right free access to it at all times. *Wood* v. *Hurd,* 5 *Vroom* 87. See, also, *Perrine* v. *Farr,* 2 *Zab.* 356; *Stearn* v. *Allen,* 5 *Dutcher* 68, 509; *Yeomans* v. *Ridgewood,* 17 *Vroom* 508.

The demurrer admits that the road was an "ancient by-way." The term *by-way* must be taken to be the equivalent of by-road, which is a public way that the plaintiff had a right to use. This seems inferentially to have been the view of this court when the case was here on a former occasion (*Tarlucki* v. *West Jersey and Seashore Railroad Co.,* 51 *Vroom* 688), for the learned justice who wrote the opinion says: "If the accident happened while the plaintiff was in the act of crossing the tracks from one side of the transverse by-road or public way to the other, * * * an element of legal duty might thereby be presented."

There is added force to be given to the expression by the qualifying adjective ancient, for from it, in connection with the admission arising from the demurrer, there is a presumption that the way originated in a dedication, and so has existed for more than twenty years, sufficient to establish the public right. *Wood* v. *Hurd, supra.*

Being, therefore, a public way, no invitation by the railroad company to use it was necessary to be proved, for the public were entitled to make use of it, as of right, and the railroad company was under a duty not to subject the traveling public so using the public way to latent. dangers. *Van Winkle* v. *American Steam Boiler Co.,* 23 *Vroom* 240 ;` *Weller* v. *McCormick, Id.* 470 ; *Schulte* v. *United Electric Co.,* 39 *Id.* 438 ; *Guinn* v. *Delaware and Atlantic Telephone Co.,* 43 *Id.* 277 ; *Meyer* v. *Benton,* 45 *Id.* 533.

The demurrer will be overruled.